IN THE MATTER OF THE LAST WILL AND TESTAMENT OF
ROBY A. BRACKETT

No. 7229SC549

(Filed 2 August 1972)

Husband and Wife § 10— validity of separation agreement — acknowledgment by wife

Trial judge erred in holding a deed of separation invalid where the wife's acknowledgment of the deed complied substantially with statutory requirements. G.S. 47-39.

APPEAL by the executrix of the estate of Roby A. Brackett from *Falls, Judge,* 17 April 1972 Session of Superior Court held in RUTHERFORD County.

Beatrice Brackett and Roby A. Brackett entered into a deed of separation on 27 November 1967. Roby Brackett died in 1970 leaving a will in which all of his property was devised to his children.

Beatrice Brackett attempted to dissent. Counsel stipulated that her right to dissent depends upon the validity of the deed of separation. Judge Falls held the deed of separation invalid.

*Harry K. Boucher for Beatrice Brackett, widow.*

*George R. Morrow for the estate of Roby A. Brackett.*

VAUGHN, Judge.

The validity of the attack on the deed of separation depends upon whether the wife's acknowledgment, coming as it does under the provisions of G.S. 52-6, complies with that section

in substantially the form required by G.S. 47-39. The acknowledgment is as follows:

"STATE OF NORTH CAROLINA
COUNTY OF RUTHERFORD

I, Monroe Holland, a Justice of the Peace of said county, do hereby certify that Beatrice Brackett personally appeared before me this day and acknowledged the execution of the foregoing deed of separation.

And I do further certify that it has been made to appear to my satisfaction and I do find as a fact, that the said Beatrice Brackett freely executed the said deed of separation and freely consented thereto at the time of her separate examination and that the same is not unreasonable or injurious to her.

Witness my hand and seal, this the 30 day of Nov., 1967.

(SEAL)                              MONROE HOLLAND
                                    Justice of the Peace"

We hold that the acknowledgment is sufficient to meet the requirements of the statute. Entry of judgment declaring the deed of separation invalid constituted error.

Reversed.

Judges PARKER and GRAHAM concur.